## Case No. 18,034.

In re WOOLUMS et al.

[1 N. B. R. 496 (Quarto, 131).] [1]

District Court, D. Kentucky. 1873.

BANKRUPT—APPLICATION FOR DISCHARGE.

Bankrupt may apply for a discharge within sixty days after adjudication in bankruptcy where debts have been proved, but no assets have come to the hands of the assignee.

[Cited in Re Sloan, Case No. 12,945.]

[In the matter of B. W. & J. H. Woolums, bankrupts.]

---

BALLARD, District Judge. The register certifies that on the day fixed by the court for the "creditors and other persons in interest" to appear at a court to be held by the register, and show cause, if any they had, why the prayer of the bankrupts' petition for a discharge should not be granted, Moore, Bremaker & Co., creditors of the bankrupts, who had proven their debt, appeared and moved that the said petition be dismissed; that this motion was based on the ground that six months had not elapsed from the time of the adjudication of bankruptcy before the filing of the petition, and that the petition did not allege that "no debts have been proven against the bankrupts," but only "that no assets have come to the hands of the assignee;" that the bankrupts resisted this motion, and that the motion was overruled by the register, and that thereupon the creditors requested that the question "thus presented" be certified to the district judge for his opinion.

I more than doubt whether "the question presented" could properly arise in the course of the proceedings before the register. The petition was pending in the district court, and it seems to me that the question here raised ought to have been made in that court, before the judge thereof, by motion or demurrer or other proper pleading, and not before the register. It is true that it is the office of the register to "assist the judge of the district court in the performance of his duties under this (the bankrupt) act;" but he can dispose of no contested matters, and the question whether the petition of a bankrupt for his discharge should be dismissed on the motion of a creditor is in its very nature so obviously a contested matter that it would seem it could be raised only in the district court itself. But, waiving this question and the irregularity of the register's overruling the motion, and thus deciding a contested matter, I have no objection, as the parties desire to have the question raised disposed of, to treat the motion as regularly made. The 29th section of the bankrupt act [of 1867 (14 Stat. 531)] provides, "that, at any time after the expiration of six months from the adjudication of bankruptcy, or if no debts have been proved against the bankrupt, or if no assets have come to the hands of the assignee at any time after the expiration of sixty days, * * * the bankrupt may apply to the court for a discharge from his debts."

I see no difficulty in determining the meaning of this provision. It seems to me clear that it allows the bankrupt to apply for his discharge after the expiration of sixty days from the adjudication, and within six months, either when no debts have been proved, or when no assets have come to the hands of the assignee. It is only when both debts have been proved and assets have come to the hands of the assignee, that the discharge cannot be applied for until after the expiration of six months.

It is a little singular that Mr. James, in his notes, and Messrs. Avery and Hobbs, in their notes to this section, after stating correctly that the bankrupt may apply for his discharge after the expiration of sixty days if no debts are proved, or if, within that time, no assets have come to the hands of the assignee, state inadvertently, and incorrectly, that "if debts are proved or if assets are received by the assignee he cannot apply until after the expiration of six months from the date of adjudication." It is manifest that these authors have not given critical attention either to the language of the statute or to that employed by themselves.

As the petition sets forth the facts contemplated by one of the alternatives of the statute, that is, "that no assets had come to the hands of the assignee," it was properly filed within six months after the adjudication. The motion to dismiss is therefore overruled.